IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

YONI ALBERTO BARAHONA-SALES,
#17688-075                                                    PETITIONER

v.                            CIVIL ACTION NO. 3:16-cv-260-WHB-JCG

UNKNOWN MARTIN, *Warden*                                    RESPONDENT

consolidated with

YONI ALBERTO BARAHONA-SALES,
#17688-075                                                    PETITIONER

v.                            CIVIL ACTION NO. 3:17-cv-439-WHB-JCG

UNKNOWN MARTIN, *Warden*                                    RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition of Yoni Alberto Barahona-Sales for
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Barahona-Sales
also filed a Memorandum in Support of his Petition. (ECF No. 2). Respondent
Unknown Martin, Warden of the Federal Correctional Complex in Yazoo City,
Mississippi ("FCC Yazoo"), filed a Response (ECF No. 11). Having considered the
submissions of the parties and relevant legal authority, the undersigned
recommends that the Petition (ECF No. 1) be DENIED and the case DISMISSED.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Yoni Alberto Barahona-Sales is currently incarcerated with the
Federal Bureau of Prisons ("the Bureau") at FCC Yazoo. He has filed two nearly
identical habeas petitions, which the undersigned consolidated into the instant,

earlier-filed case because the Court found that the two petitions "have been brought by the same petitioner, name the same defendant, and involve common questions of law and fact." (ECF No. 12, at 3). The second petition was filed in *Barahona-Sales v. Martin*, 3:17-cv-439-WHB-JCG. The exhaustion issues raised in response to the first petition, *see* (ECF No. 11, at 3) were not raised in response to the second petition and appear to have been mooted by Petitioner completing the Bureau's administrative review procedure. Accordingly, the Court addresses only the merits of the instant Petition.

His habeas petition argues that he is entitled to credit part of his state sentence for an assault conviction in Tennessee towards the federal sentence that he is currently serving. (ECF No. 1, at 6-7); (ECF No. 2, at 5-6). He at times characterizes this request as seeking a *nunc pro tunc* designation. Petitioner also asserts that he should be credited for the time between the lodging of a federal detainer on November 18, 2010 and his release from state custody because the federal detainer "prevented him from obtaining a bond or being paroled from the state of Tennessee." (ECF No. 1, at 7). Respondent maintains that the Federal Bureau of Prisons ("BOP") properly calculated his sentence, that he is not eligible for a *nunc pro tunc* designation, and that he is not entitled to any credits towards his sentence. *See* (ECF No. 11). In support of his opposition, Respondent submitted the declaration of Patricia Kitka, a Correctional Programs Specialist at the BOP. (ECF No. 11-2).

2

Mr. Barahona-Sales is currently serving a 96-month sentence for which his projected release date is September 23, 2022. He was convicted in the United States District Court for the Middle District of Tennessee on May 11, 2012 of illegal reentry into the United States by a previously deported felon, in violation of 8 U.S.C. §§ 1326(a), (b)(2). He has already served, concurrent to the instant sentence, a twelve-month sentence for violating the terms of his supervised release. At the time of his sentencing, he was serving a ten-year sentence of imprisonment for assault in Tennessee.

On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed Barahona-Sales's conviction, but remanded the case for resentencing because the district court had failed to address his request to serve his illegal reentry sentence concurrently with his state sentence. *See United States of America v. Barahona-Sales*, 524 F. App'x 235 (6th Cir. 2013). The district court resentenced him to ninety-six months of imprisonment – to be served consecutively to his state sentence and currently with his revocation sentence – and two years of supervised release. Barahona-Sales directly appealed to the Sixth Circuit again, which affirmed the procedural and substantive reasonableness of his sentence. *See United States of America v. Barahona-Sales*, No. 13-5995 (6th Cir. Feb. 17, 2015).

On October 5, 2015, he was released from Tennessee custody and taken into custody by the BOP. He filed the instant Petition on April 11, 2016. On June 5,

2017, he filed another Petition seeking identical relief,[1] which was docketed in civil action number 3:17-cv-439-WHB-JCG. The undersigned consolidated these two cases on August 10, 2017. *See* (ECF No. 14).

## II. DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court that has jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Barahona-Sales seeks to credit time spent in state custody towards his federal sentence, he "does not question the legality of his conviction or the validity of the [eight]-year federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed." *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)) (internal quotation marks omitted). FCC Yazoo is located within the Southern District of Mississippi. Therefore, this court has jurisdiction over Warden Martin, and Petitioner's claims are properly brought in this court by means of a § 2241 petition. *Id.* at 78.

Federal habeas relief under 28 U.S.C. § 2241 is only available upon Petitioner's demonstration that the execution of his sentence "violates the Constitution, laws, or treaties of the United Sates." *Rose v. Hodges*, 423 U.S. 19, 21

---

[1] As previously recounted, Respondent raised Petitioner's failure to exhaust administrative remedies in response to Petitioner's original petition; however, it appears that Petitioner exhausted administrative remedies before filing the second petition, rendering moot the exhaustion argument.

(1975). Once a district court sentences a federal offender, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, the BOP – not the district court – has the authority to award credit against a federal sentence for time spent in state custody under 18 U.S.C. § 3585(b). *Id.* at 333; *United States v. Benavides-Hernandez*, 548 F. App'x 278, 279-80 (5th Cir. 2013).

Petitioner's sentence computation is governed by Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). *Directive 5880.28*, BOP (July 20, 1999), https://www.bop.gov/policy/progstat/5880_028.pdf. The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and provides,

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> (1) as a result of the offence for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Because the sentencing court ordered that Barahona-Sales serve his federal sentence consecutive to his unexpired state sentence, his federal sentence did not commence until his state sentence was complete and the BOP took him into custody on October 5, 2015. This calculation is unchanged by the fact that he was taken from state custody into federal custody for the federal prosecution. "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.... A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir. 1980).

Barahona-Sales was arrested November 21, 2009, but the period of imprisonment between his arrest and when he was taken into BOP custody was credited against his state sentence. *See* (ECF No. 11-2, at 4). In enacting 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Accordingly, Barahona-Sales is not eligible to receive credit towards his federal sentence for his time spent in federal detention following arrest under 18 U.S.C. § 3585(b).

Petitioner's argument that he is entitled to a *nunc pro tunc* designation is similarly unavailing. A state prison may be designated *nunc pro tunc* as the place in which a prisoner serves a portion of his federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). The designation is an indirect award of credit for time served in state prison where a federal sentence was imposed before the state

sentence. *Id.* "The decision whether to designate a facility as a place of federal detention 'is plainly and unmistakably within the BOP's discretion….'" *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (quoting *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir. 2002)); *see also* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). However, the prisoner "is entitled to 'fair treatment' on his application for *nunc pro tunc* designation of the state facility as a place of confinement for his federal sentence." *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990) (cited with approval in *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010); *United States v. Eiland*, 711 F. App'x 730, 731 (5th Cir. 2017)).

Barahona-Sales attached to his second petition the final step response to his administrative grievance, which he received from the BOP Central Office.[2] *See Barahona-Sales*, 3:17-cv-439-WHB-JCG (ECF No. 2-4). The response explains the BOP's calculation of his federal sentences and considers the crimes for which he was convicted, the recommendations of the sentencing judge, and the timing of his custody transfers en route to concluding that his federal sentence was properly computed. *See id.* Accordingly, the BOP gave fair treatment to his application for *nunc pro tunc* designation and denied the application. The Court is without authority to alter the judgement of the BOP, and any recommendation by the sentencing court was nothing more than that – a non-binding recommendation. 18

---

[2] The Bureau's administrative remedy procedure is a four step process outlined at 28 C.F.R. § 542.10-.19. Appeal to the BOP Central Office is the fourth and final step.

U.S.C. § 3621(b). Moreover, it is clear that Barahona-Sales is ineligible for a *nunc pro tunc* designation because his federal sentences were imposed after – not before – his state sentence.

Finally, the Court turns to Barahona-Sales's argument that he is entitled to be credited time from the issuance of the federal detainer on November 18, 2010 to his transference to federal custody because the detainer prevented his parole from his state sentence. This argument is essentially a reconstruction of his assertion that he is entitled to credit under 18 U.S.C. § 3585. In interpreting the predecessor to § 3585, the Fifth Circuit instructed that "time spent in State custody *must* be credited toward time served on a Federal sentence if the continued State confinement was exclusively the product of such action by Federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a Federal one." *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971). Thus, put succinctly, "[i]f the Federal detainer alone prevented [Petitioner's] release from State confinement, credit must be given." *Id.* This notion is a corollary to and consistent with the statutory prohibition on giving a prisoner double credit. *Wilson*, 503 U.S. at 337.

Petitioner has submitted no evidence to suggest that he was denied parole on his state sentence solely because of the existence of a federal detainer, and the documents that he did submit evidence a contrary conclusion. The Central Office response to his administrative grievance outlines that the State of Tennessee, in fact, paroled him and released into federal custody on October 5, 2015. Accordingly,

the existence of the federal detainer does not entitle Barahona-Sales to any credit

towards his federal sentence.

### III. <u>RECOMMENDATION</u>

Based on the foregoing reasons, the undersigned recommends that the

Petition of Yoni Alberto Barahona-Sales for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241 (ECF No. 1) be DENIED.

### IV. <u>NOTICE OF RIGHT TO OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and
> recommendations, each party has fourteen days to serve
> and file written objections to the report and
> recommendations. A party must file objections with the
> clerk of court and serve them upon the other parties and
> submit them to the assigned district judge. Within seven
> days of service of the objection, the opposing party or
> parties must either serve and file a response or notify the
> district judge that they do not intend to respond to the
> objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations within

fourteen (14) days of being served a copy shall be barred, except upon grounds of

plain error, from attacking on appeal any proposed factual finding or legal

conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 11th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE